## CLARK v FULTON

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13912. Decided April 22, 1934

Garfield, Cross, Daoust, Baldwin & Vrooman, Cleveland, for plaintiff.

Thomas J. Herbert, Cleveland, for defendant.

## OPINION

By LIEGHLEY, PJ.

The demurrer admits as true all material facts pleaded, and the question therefore is whether or not the petition states a cause of action.

The plaintiff contends that he is not a stockholder of The Union Trust Company; that no stock was issued in his name; that he has no stock certificates in his possession; that he has no interest in any stock or stock certificates except such as arise out of said trust agreement in the form of a beneficial interest through said agreement.

If he be in fact a stockholder for the purposes of imposing double liability under the circumstances of this case, as claimed by defendants, then it is conceded that the action of the Superintendent in refusing to pay plaintiff said dividend was not unwarranted, unless equitable principles may be invoked to reverse his decision.

A photostatic copy of the trust agreement including an Exhibit A which lists the properties placed in trust by plaintiff, is attached to the petition. This list includes two thousand shares of Union Trust Company stock in its name deposited with the trustee contemporaneously with the execution of the trust agreement. Whether or not the certificates then and now are the same does not appear and it is not material. The amount and number of shares is the same. Plaintiff then owned the stock and in creating the trust must have procured the issuance of the certificates in the name of the Bank for the purposes of the trust. Plaintiff had a right at any time during his life and during the life of the trust estate to cancel said agreement and compel the return to him of the two thousand shares of stock involved. He had a right to direct its sale at any time. He had a right to direct a purchase of more of said stock. He was obliged by the terms of the agreement to make such tax returns thereon as the law required. By a simple declaration and demand the possession of the certificates reverted to him.

For purposes of assessing superadded or double liability of stockholders, it is our understanding of the law that the same is levied upon the real, the actual owner of

the stock. This trust estate as to this stock is a self-made trust by the plaintiff for his own benefit. By the terms thereof he received the full net income derived from this stock. He could terminate same upon demand, and could direct the sale thereof at will. All the attributes of ownership rested in plaintiff except record title, possession and certain management and control thereof in the absence of direction from him. He is the self-designated beneficiary of a self-made revocable trust estate of his own property including this stock.

Under these circumstances we hold plaintiff to be the actual owner of said two thousand shares of The Union Trust Company stock in said trust estate for the purposes of double liability assessment if and when the same be imposed and required.

Sec 8623-24 GC as amended in 1929 is cited by plaintiff as authority for the claim that there is no liability and that the Superintendent must look to the trust estate alone. The section reads as follows:

"No person holding shares as executor, administrator, guardian, trustee, trustee of a voting trust, receiver or in any other fiduciary capacity, shall be personally liable as a shareholder, but the estate or property in the hands of such executor, administrator, guardian, trustee, receiver, or fiduciary, or the real or beneficial owner, shall be liable hereunder, as equity may require, but nothing herein contained shall be construed to relieve a fiduciary from liability for a breach of trust."

This section clearly refers to trust estates of a different character than the one involved in this lawsuit. The beneficiaries of the trust estates comprehended by this section are not self-appointed beneficiaries of trust estates made up of properties of their own converted into trust property. Of course under this section the Bank as trustee would not be liable beyond the amount of the trust estate in its possession and under its control. A beneficiary of the income of stock in a trust, made by and with the stock of another, called upon for double liability, is another situation. But in this case the owner of the property makes and converts same into a revocable trust estate for his own benefit, and as a result of his own adopted program claims exemption from double liability upon his own property on the ground that the record title and possession of the certificates are in the Bank. We can not agree with this contention.

The Liquidator claims the right to withhold payment of the dividends sued for on authority of §710-98 GC, and claims the language thereof makes it his mandatory duty to withhold payment thereof, which section provides as follows:

"Dividends due to stockholders on claims as depositors or otherwise, to the extent of the individual liability of such stockholders shall be withheld by the Superintendent of Banks until it is ascertained that it will not be necessary to enforce their individual stock liability."

Having reached the unqualified conclusion that plaintiff is the actual owner of the two thousand shares of stock in said trust estate and that he is therefore personally liable for any double or superadded stockholders' liability that may be lawfully assessed, it is our opinion that the Superintendent had the right to refuse the demand of payment made by plaintiff.

However, it is urged that it would be highly inequitable on the part of the Superintendent to hold intact these two savings deposit accounts and refuse to pay plaintiff upon demand the thirty-five percent dividend declared for the reason that it is claimed that there is ample and abundant funds remaining in the trust estate to take care of any potential assessment or levy in the nature of a double liability on this stock. At first blush there appears to be some substance to this contention. On the other hand the Superintendent is guided, directed and controlled by the banking act. The above section of the Code contains the command to him. Probably it was deemed wise not to burden the Superintendent with the responsibility of weighing the facts of each particular case and deciding whether or not resources existed elsewhere and otherwise to meet such levy or assessment as the circumstances of the situation might later demand. Further, while on the date of the declaration of this dividend and the date of the demand there may have existed sufficient assets in this estate to satisfy any such possible claim, what assurance does the Superintendent have that at the time the assessment of double liability is determined to be necessary and is imposed such resources will still be available. In view of the unqualified mandate of the statute, there is no authority lodged in the Superintendent to exercise any discretion or to balance the equities in withholding deposits from owners of stock in compliance with the statute.

Mention was made of the fact that such

assessment had not yet been determined upon and no prosecution had yet been begun to collect same, and for these reasons it is inequitable to hold these moneys for an indefinite period. Again we say at first blush there appears to be some justification for this claim, but the banking act makes very clear the duties and responsibility of the Superintendent. As stated above it is his duty to hold these moneys in face of the clear plain command of the statute until it has been satisfactorily determined whether or not any assessment or levy upon stockholders is necessary. If inquiry is made as to when this decision will be made, the answer is obvious that the Superintendent has such time as is allotted to him by statute for this determination and decision.

Sec 710-95, sub-section 9, GC contains the following language:

"Until an order to declare and pay a final dividend shall be entered in the liquidation proceedings, the right to enforce such liability is hereby vested exclusively in the superintendent of banks."

Unless and until a substantial showing can be made that the Superintendent has neglected, failed, or refused to proceed with the liquidation in a reasonably prudent and expeditious manner, the decision of the amount of time required to liquidate a bank rests exclusively with him, as does the decision of when he will institute proceedings to collect double liability during the progress of the liquidation subject to the above statutory limitation.

These statutes apply to all persons alike. While it may seem to work a great hardship in the case of this plaintiff, after all his inconvenience is no different in kind than that of many others, although it may be in degree.

For the foregoing reasons it is our opinion that the petition does not state a cause of action and that the judgment under review is right.

Decree for defendant. O. S. J. Exceptions.

LEVINE and McGILL, JJ, concur in the judgment.